JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Patrick Murrin, appeals the sentence handed down by the Cuyahoga County Court of Common Pleas relative to his plea of guilty on charges of robbery, a felony of the second degree. Upon our review of the record presented and the arguments of the parties, we affirm the appellant's sentence for the reasons that follow.
 {¶ 2} Appellant and a female codefendant, upon the pretense of offering assistance, approached the elderly victim in this case while he was parked in his camper in a public parking lot. They pulled him from the vehicle, beat and kicked him while he was on the ground and then stole his wallet. The victim then walked to his daughter's home to summon help. Eventually the wallet was recovered, and the appellant and his codefendant were apprehended.
 {¶ 3} Appellant then entered into a plea agreement and appeared for sentencing on March 19, 2003. The trial court sentenced him to seven years in prison, a term one year short of the maximum sentence for this crime. Appellant now presents one assignment of error in this timely appeal.
 {¶ 4} "I. The trial court erred when it sentenced the appellant to a seven year prison term, one year shy of the maximum sentence allowed, without finding that this offender in this offense was close to the worst offender and close to the worst form of the offense."
 {¶ 5} R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 6} As part of Senate Bill 2, the Revised Code provides certain purposes for sentencing with which all sentences must comport. R.C. 2929.11 states:
 {¶ 7} "2929.11 Purposes of felony sentencing; discrimination prohibited.
 {¶ 8} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 9} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 10} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 11} The mechanism by which compliance with these goals may be obtained lies within R.C. 2929.12, et seq. R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." A jurist's discretion is limited, however, by the mandatory findings which must be present on the record in order to uphold, for example, consecutive or maximum sentences.
 {¶ 12} Appellant received neither maximum nor consecutive sentences in this case. Under R.C. 2929.14 (B) the court shall impose the shortest prison term authorized unless the court finds on the record that the offender had previously served a prison term, or that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v.Edmonson (1999), 86 Ohio St.3d 324,325; followed by State v.Comer (2003), 99 Ohio St.3d 463. However, the Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998),81 Ohio St.3d 1443; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865 at 7; State v. Stribling, (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 13} Appellant concedes that the nature of the offense would allow a prison term greater than the minimum; in this case, two years. Appellant also concedes that he has a lengthy criminal record and that he has been to prison at least four times prior to committing the crime in question. Appellant goes on to argue that the sentence imposed was clearly contrary to law because he was not the one who actually stole the victim's wallet during the attack.
 {¶ 14} This court cannot reverse, vacate or otherwise remand a sentence unless we find by clear and convincing evidence that the sentence is contrary to law or unsupported by the record; we decline to make that finding in this case. At sentencing, the trial court made the following statement, after reciting appellant's criminal history:
 {¶ 15} "Based upon the sentencing factors, [and] for the reasons that you have been to prison for — at least four different times, that you've committed numerous aggravated robberies in the past, that physical harm was caused to the victim in this case, Mr. Alvarez, that you participated in the hitting and kicking of him as he fell to the ground, while he was on the ground you stole his money and his wallet, the court finds that a prison sentence is in order, and certainly not the shortest amount of time based upon your lengthy criminal record and the serious injuries you caused the victim."
 {¶ 16} Therefore, we find that the trial court made the required findings pursuant to R.C. 2929.14(B)(1) and that appellant's sentence is neither contrary to law nor unsupported by the record. Appellant's sole assignment of error is hereby overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Rocco, J., concur.