JOURNAL ENTRY AND OPINION
{¶ 1} Helena Gramlich appeals from her sentence imposed after she pleaded guilty to three counts of theft, one count of forgery, one count of identity theft, and one count of tampering with records. After a review of the records and the arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} Gramlich's crimes in the main case arise from her employment at Pro Ed Communications. She obtained employment there using a fictitious name and began using company resources for personal gain. She issued checks to herself and bought a variety of personal merchandise using company accounts. Her other crimes involved credit card fraud and using her roommate's identity to evade a speeding ticket.
 {¶ 3} The trial court imposed an 18-month prison sentence on each of the theft counts, all fourth-degree felonies; a 12-month prison sentence for forgery, a fifth-degree felony; a four-year prison sentence for identity theft, a third-degree felony; and a four-year prison sentence for tampering with records, a thirddegree felony.
 {¶ 4} Gramlich also appeals sentences imposed after she pleaded guilty in two other single-count cases that were consolidated with the main case for sentencing. In those cases, the trial court imposed a 12-month prison sentence for a fifth-degree felony theft and imposed a 12-month prison sentence for a fifth-degree felony forgery. The trial court ordered all prison terms to be served concurrently.
 {¶ 5} Gramlich claims in the following two assignments of error that the trial court erred in imposing prison sentences instead of community control sanctions and erred in not imposing minimum prison sentences under Ohio's felony sentencing laws.
 {¶ 6} "[I.] The trial court erred by failing to follow R.C. 2929.13
which requires that the court comply with the purposes and principles of felony sentencing as set forth in [R.C.] 2929.11 and with R.C. 2929.12
which enumerates the factors in felony sentencing."
 {¶ 7} "[II.] The trial court erred in sentencing the defendant-appellant to more than the minimum prison sentence when she had not previously served a prison term."
 {¶ 8} We review a felony sentence de novo. R.C. 2953.08. A sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2);State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, at ¶ 5. Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence that will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Murrin at ¶ 5; Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122, 568 N.E.2d 1222. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. Murrin at ¶ 5; R.C.2953.08(F)(1)-(4).
 {¶ 9} In determining whether to impose a prison sentence as a sanction for a felony of the third degree, "the sentencing court shall comply with the purposes and principles under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C). We must therefore determine whether the trial court complied with these statutes when it imposed four-year prison sentences for Gramlich's third-degree felony convictions.
 {¶ 10} R.C. 2929.11(A) adopts two overriding purposes applicable to all felony sentences: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender. The guiding principles set forth in R.C. 2929.11(B) to achieve these purposes are reasonableness, proportionality, and consistency. Moreover, R.C. 2929.12(A) provides that "a court * * * has discretion to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11 of the Revised Code." And, "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of [R.C. 2929.12] and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." Id.
 {¶ 11} With respect to R.C. 2929.12(B) and (C) that relate to the seriousness of the offense, the trial court found that the victims of Gramlich's crime suffered serious economic harm, that her offenses related to her position of trust, and that her occupation and relationship with the victims facilitated the offense. See, generally, R.C. 2929.12(B)(2)-(6). Only one of the mitigating factors in R.C.2929.12(C) applied; that is, Gramlich's crimes were not the type to cause physical harm. See, generally, R.C. 2929.12(C)(3). With respect to the recidivism factors in R.C. 2929.12(D) and (E), the trial court found that Gramlich had a prior criminal conviction. The trial court's dialogue with Gramlich also indicates that it did not believe she was remorseful.
 {¶ 12} Ohio's felony sentencing laws do not require talismanic words from the sentencing court when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. Murrin at ¶ 12. Here, we find that the trial court engaged in the appropriate analysis and made the necessary findings under R.C. 2929.12
in sentencing Gramlich to prison for her third-degree felonies.
 {¶ 13} Gramlich's prison sentences for her fourth- and fifthdegree felonies also were not contrary to law. Under R.C. 2929.13(B)(2)(a), a prison sentence is mandatory for fourth- and fifth-degree felonies if the sentencing court finds that one of the factors listed in 2929.13(B)(1) exists, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and finds that the offender is not amenable to an available community control sanction. Conversely, a community control sanction is mandatory under R.C.2929.13(B)(2)(b) if the court does not make a finding that one of the factors in 2929.13(B)(1) exists and finds that a community control sanction is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 14} The sentencing court here did not find that Gramlich was not amenable to an available community control sanction. A prison sentence therefore was not mandatory under R.C. 2929.13(B)(2)(a). Likewise, since the trial court found that Gramlich's position of trust related to her offense, the factors listed in R.C. 2929.13(B)(1)(d) applied, and a community control sanction was not mandatory under R.C. 2929.13(B)(2)(b). As a result, the trial court had authority to sentence Gramlich to prison if a prison sentence was consistent with the purposes and principles of sentencing under R.C. 2929.11 and did not impose an unnecessary burden on governmental resources, in violation of R.C. 2929.13(A).[1]
 {¶ 15} Prison sentences for Gramlich's low-level felonies do not impose an unnecessary burden on governmental resources because she will be serving prison time anyway for her third-degree felonies. And, as described above, the trial court found that prison sentences were consistent with the purposes and principles in R.C. 2929.11. In reviewing the record, we do not find clear and convincing evidence that the trial court erred in this determination. Gramlich's first assignment of error is overruled.
 {¶ 16} Gramlich claims in her second assignment of error that the trial court erred in imposing more than the minimum prison sentence for each of her felony convictions. When imposing a nonminimum prison sentence, the trial court is required, under R.C. 2929.14(B), to make findings on the record at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 469, 2003-Ohio-4165, 793 N.E.2d 473. But the sentencing court is not required to give specific reasons for its findings under R.C. 2929.14(B)(2). Id.; State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 17} Although the trial court recognized that Gramlich had not previously served a prison term, the judge stated the following on the record: "I feel a minimum term would demean the seriousness of your conduct in all three cases." We find that the trial court satisfied the statutory requirements before imposing non-minimum prison sentences. Gramlich's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and *George, J., concur.
*Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.
[1] See, generally, Griffin Katz, supra, Section 7:16 at 687; see, also, 2929.13(A) ("[U]nless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose a sanction or combination of sanctions on the offender that are provided in sections2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on the state or local government resources.").