JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a guilty plea, defendant-appellant, Tiffany Hunter, was convicted of bribery pursuant to R.C. 2921.02(C). The trial court sentenced her to serve a one-year term of imprisonment for that offense. The trial court had previously found that Hunter, by failing a drug test, had violated the conditions of a community-control sanction imposed upon her earlier as the result of a conviction for aggravated assault. Consequently, the court imposed a sentence of six months for the community-control violation and ordered that the prison term be served consecutively with the term imposed for bribery, for a total sentence of eighteen months.
In her sole assignment of error, Hunter contends that the trial court erred by sentencing her to prison for the bribery conviction and community-control violation instead of ordering her to attend a drug-treatment program. She argues that the record showed that she could be rehabilitated, that her conduct had been less serious than the normal conduct of a bribery offender, and that the underlying sentencing purposes of protecting the public and punishing the offender would have been served by sentencing her to drug treatment. This assignment of error is not well taken.
Hunter was convicted of a third-degree felony, R.C. 2921.02(E), which does not carry a presumption either for or against a prison term. Statev. Donahue, 6th Dist. No. WD-03-083, 2004-Ohio-7161. She received the minimum prison term for a third-degree felony. R.C. 2929.14(A). In imposing that term, the court complied with the purposes and principles of sentencing under R.C. 2929.11 and weighed the factors set forth in R.C. 2929.12, as required by R.C. 2929.13(C). State v. Gramlich, 8th Dist. No. 84172, 2005-Ohio-503; State v. Richmond (Mar. 13, 1998), 1st Dist. No. C-970518.
The record shows that the trial court concluded that a prison term was appropriate based on its findings that, at the time of the offense, Hunter was on community control. She also had prior convictions and unsuccessful rehabilitations after those convictions. See R.C. 2929.12(D). The court felt the bribery offense was particularly serious since Hunter had tried to bribe the technician conducting the urine test she was required to take as one of the conditions of her community control. The evidence supported these findings and they were not contrary to law. Therefore, the trial court did not err in sentencing Hunter to a prison term on the bribery charge. R.C. 2953.08(G); Gramlich, supra; Richmond, supra.
The court also imposed a six-month prison term for the community-control violation on the aggravated assault conviction. Following a community-control violation, the court sentences the offender anew and must comply with the relevant sentencing statutes. State v.Sutherlin, 154 Ohio App.3d 765, 2003-Ohio-5265, 798 N.E.2d 1137.
R.C. 2929.13(E)(2) provides that the court may sentence to a prison term an offender who was convicted of or has pleaded guilty to a felony and who has violated the conditions of a community-control sanction imposed for the offense solely by producing positive results on a drug test, if the court determines on the record that imprisoning the offender for the violation is consistent with the purposes and principles set forth in R.C. 2929.11. In this case, the court made that finding on the record. It was supported by competent, credible evidence and was not contrary to law. See State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131; State v. Rice, 1st Dist. No. C-020464, 2003-Ohio-1016.
Finally, the court made the findings required by R.C. 2929.14(E)(4) to justify the imposition of consecutive sentences at the sentencing hearing and adequately stated its reasons for those findings. The findings were supported by competent, credible evidence and were not contrary to law.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; Statev. Cherry, 1st Dist. No. C-040080, 2004-Ohio-6431.
Since the trial court's sentences were supported by clear and convincing evidence and were not contrary to law, we will not disturb them. R.C. 2953.08(G); Edmonson, supra; State v. Davenport (July 30, 1999), 1st Dist. No. C-980516; State v. Napier (Aug. 28, 1998), 1st Dist. No. C-970383, unreported. Accordingly, we overrule Hunter's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.