JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ronald Peterson, Jr., appeals his sentence handed down by the common pleas court. After a review of the record presented and the arguments of the parties, we affirm the decision of the trial court.
 {¶ 2} Peterson was indicted on March 23, 2004 on a five-count indictment stemming from his attempt to flee police after a drug bust. Following a jury trial, he was convicted of failure to comply with the order of a police officer (Count I of the original indictment), obstructing official business (Count IV), and possessing criminal tools (Count V). He was sentenced as follows: two years as to Count I, six months on Count IV, and six months as to Count V. The sentences for Counts IV and V were to be served concurrent to each other, but consecutive to the sentence for Count I, for a total of thirty months' incarceration. Peterson now presents one assignment of error for our review.
 {¶ 3} "The trial court erred in sentencing defendant-appellant to consecutive terms of imprisonment when it did not follow the statutory requirements for the imposition of such a sentence."
 {¶ 4} Appellant argues in his sole assignment of error that the trial court failed to make the required findings in order to impose consecutive sentences. Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 5} The imposition of consecutive sentences is governed by R.C.2929.14(E), which provides:
 {¶ 6} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 11} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 12} "* * *
 {¶ 13} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences; * * *"
 {¶ 14} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. Statev. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert
(1997), 124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms. See State v. Johnson, Cuyahoga App. Nos. 81040, 81041, 81042, 2003-Ohio-288.
 {¶ 15} In the instant case, the trial court found that the appellant was on parole at the time of the offense, which invoked R.C.2929.14(E)(4)(a). However, the court did not use the exact language of the statute to make the other two necessary findings, although her reasons for imposing the consecutive sentences are apparent from the record:
 {¶ 16} "I note that you did put people at risk by not stopping for the police, and you know, one police officer, his arm was broken and it could have been a lot worse than that. You were given probation. You've been to prison. You continue to commit crimes. You caused, well, at least a chase itself, put people in danger of being injured. Not just the police officers, yourself and your passenger, but also the people in the community who were out and about that particular day * * *. I am not going to give you the minimum, sir. I think it would be inappropriate given your record, given the danger that was posed to the community, and your inability to conform your actions to the law despite being given probation, despite having gone to prison, despite being on parole, and also most significantly the fact you were on parole when you committed this crime." (Tr. 208-210).
 {¶ 17} The Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, ¶ 12, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443,690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865 at 7; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 18} While it may have been better practice to use words more in line with the findings as specifically set forth in the statute, we cannot find that the trial court failed to engage in the necessary analysis to impose the sentence that it imposed. Therefore, we find that the appellant was properly sentenced to consecutive sentences and that the court sufficiently gave its reasons and findings pursuant to R.C.2929.14.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., Concurs; Sweeney, J., Concurs in Judgment Only.