JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Brandon Whitt, was convicted of rape and kidnapping and sentenced to concurrent prison terms of four years each, subject to five years of post-release control, and adjudicated a sexually oriented offender. His conviction and sexual offender classification were upheld on direct appeal, but the matter was reversed for resentencing in Statev. Whitt, Cuyahoga App. No. 82293, 2003-Ohio-5934 ("Whitt I").
 {¶ 2} The trial court held a new sentencing hearing on June 7, 2004 and again sentenced appellant to four years incarceration on each count, to run concurrent to each other. Appellant again appeals his sentence with two assignments of error. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 3} "I. The trial court abused its discretion when sentencing appellant to more than the minimum sentence."
 {¶ 4} Abuse of discretion is not the standard of review with respect to sentencing, instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 5} As part of Senate Bill 2, the Revised Code provides certain purposes for sentencing with which all sentences must comport. R.C. 2929.11
states:
 {¶ 6} "2929.11 Purposes of felony sentencing; discrimination prohibited.
 {¶ 7} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 8} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 9} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 10} The mechanism by which compliance with these goals may be obtained lies within R.C. 2929.12, et seq. R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." A jurist's discretion is limited, however, by the mandatory findings which must be present on the record in order to uphold, for example, minimum sentences. Under R.C. 2929.14(B), the court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson (1999), 86 Ohio St.3d 324,325; followed by State v. Comer (2003), 99 Ohio St. 3d 463. The court is not required to state reasons for these findings, unlike when imposing consecutive or maximum sentences.
 {¶ 11} Upon resentencing, the trial court imposed upon the appellant the identical sentence it had during the first sentencing. The court then made the following findings:
 {¶ 12} "It would demean the seriousness of the offense to go ahead and grant you a community control sanction and it wouldn't adequately protect the public. The shortest term that should be imposed if the offender has not been sentenced to prison before unless, 2929.14(B) it demeans the seriousness of the offense or does not adequately protect the public.
 {¶ 13} "* * *
 {¶ 14} "Again, if I need to say it at the end of this sentence * * * the Court finds that it would demean the seriousness of the offense. It would not adequately protect the public to impose the shortest term or a community control sanction."
 {¶ 15} The court went on to discuss, at length, the various reasons and evidence she employed in coming to this sentence. The Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, ¶ 12, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443, 690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865 at 7; State v. Stribling, (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 16} It is clear from the record presented that the trial court engaged in the appropriate analysis and made the requisite findings when sentencing the appellant. We therefore can find no clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Appellant's first assignment of error is overruled.
 {¶ 17} "II. The imposition of more than the minimum sentence in the instant case was done in violation of mr. whitt's sixth amendment right to trial by jury."
 {¶ 18} In his second assignment of error, the appellant claims that the trial court erred by imposing more than the minimum sentence based on factual determinations that were neither made by the jury nor admitted by the appellant, in contravention of the U.S. Supreme Court's decision inBlakely v. Washington (2004), U.S., 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 19} Blakely involved the constitutionality of a prison sentence that was imposed under the state of Washington's sentencing scheme. The United States Supreme Court reversed the trial court's imposition of sentence above the standard statutory range, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, supra at 2536, quoting Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed. 2d 435. The Court further held that the "statutory maximum" for purposes of Blakely and Apprendi is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Blakely, supra at 2537.
 {¶ 20} The United States Supreme Court subsequently reaffirmed the holding in Apprendi, invalidating and severing section 3553(b)(1) from the United States Code, which makes it mandatory for federal district courts to follow the Federal Sentencing Guidelines. United States v.Booker (2005), 543 U.S. ___. The Court held that this section was incompatible with the United States Supreme Court's constitutional holding that the Sixth Amendment requires juries, not judges, to make findings of fact relevant to sentencing. If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the state labels it — must be found by a jury beyond a reasonable doubt. Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428, 153 L.Ed. 2d 556. The result of the Supreme Court's decision rendered the Federal Guidelines merely advisory. A sentencing court still must consider the Guideline ranges, 18 U.S.C.S. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well.
 {¶ 21} However, if the Federal Guidelines as currently written could be read as merely advisory provisions that recommend, rather than require, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. Id. The U.S. Supreme Court further stated that they have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Id., citing Apprendi, supra; Williams v. NewYork (1949), 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337. Moreover, the U.S. Supreme Court noted that all parties in Booker agreed that the Sixth Amendment issues presented in Apprendi and Blakely would have been entirely avoided if the provisions were omitted that make the Guidelines mandatory and binding on all district judges. When a trial judge exercises his/her discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant. Id.
 {¶ 22} Unlike the Federal Guidelines, Ohio's sentencing structure does not require judges to impose mandatory sentences when certain facts are present. A federal judge was required to impose a certain prison sentence when a defendant committed a certain crime; Ohio does not use such a "grid" system. The Ohio trial judge has broad discretion on whether to impose a prison term, sentence the defendant to a fine and/or community control sanctions, or to run a defendant's sentences concurrently or consecutively with sentences for other crimes the defendant may have committed. Ohio also allows the trial judge to grant an offender judicial release from prison after the eligible offender has served a set amount of prison time and/or his mandatory prison sentence. R.C. 2929.20. The "findings" required under R.C. 2929.14, which are actually considerations, may be mandatory under Ohio law; however, unlike the statutes in question in Booker and Blakely, the imposition of a definite prison sentence is not.
 {¶ 23} As in the recent case of State v. Atkins-Boozer (May 31, 2005), Cuyahoga App. 84151, we decline to accept the proposition forwarded by the appellant that Blakely, when applied to Ohio's sentencing structure, requires that a jury make additional factual determinations in order for the trial court to impose more than a minimum sentence on an offender. In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Appellant's second assignment of error is therefore, overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs; Gallagher, J., concurs in judgment only (seeseparate opinion).
 CONCURRING IN JUDGMENT ONLY