JOURNAL ENTRY AND OPINION
{¶ 1} Benjamin Brooks appeals his sentence imposed by the common pleas court. Upon review of the record and the arguments of the parties, we affirm the sentence for the reasons set forth below.
 {¶ 2} On July 26, 2004, appellant appeared in the common pleas court pursuant to charges in two separate cases, CR-443775 and CR-445639. At that time, he pleaded guilty in Case No. CR-443775 to attempted assault on a police officer, a felony of the fifth degree. In that case, he had bitten a police officer who was responding to a call to do a welfare check at his home. In Case No. CR-445639, he pleaded no contest and was subsequently found guilty of felonious assault, a felony of the second degree. That case involved an assault on an employee of a mental health facility.
 {¶ 3} The trial court ordered a presentence investigation, and on September 17, 2004, the first of two sentencing hearings was held. At the initial hearing, Roosevelt Williams, the victim of the felonious assault (CR-445639), explained the incident to the court. According to the record, Williams was an employee at Northcoast Behavioral Healthcare ("NBH"), where appellant was a resident at the time. On the day of the incident, appellant became angry, uncontrollable and was chasing and threatening female staff members at the facility. Williams attempted to subdue him, but instead appellant grabbed Williams, choked him, and beat him unconscious. As a result, Williams sustained serious injuries, including a fractured orbita,[1] and missed several weeks of work.
 {¶ 4} By the conclusion of this first sentencing hearing, the trial court had heard statements from Williams and police officer Jeff Gosnell and had reviewed the following: the presentence investigation report, reports from the court psychiatric clinic, a report provided by the defense by Dr. Fabian, and the discharge summary from NBH. Consequently, the trial court ordered continuance of the sentencing to obtain further information on appellant's mental health history and sentencing options.
 {¶ 5} The sentencing hearing resumed on November 10, 2004. After stating its findings for the record, the trial court sentenced appellant to the maximum eight years incarceration on the felonious assault conviction and the maximum one year incarceration on the attempted assault on a police officer conviction. These sentences were ordered to run concurrently.
 {¶ 6} Appellant now appeals this sentence asserting the following two assignments of error:
 {¶ 7} "I. APPELLANT'S SENTENCE VIOLATES HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERMS OF IMPRISONMENT ON APPELLANT, A FIRST OFFENDER, WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(B)."
 Right to Jury Claim under Blakely {¶ 9} Appellant's argument that the maximum sentences imposed by the trial court violate the U.S. Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, has been addressed in this court's en banc decision in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665. In Lett, we held that R.C.2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule his first assigned error.
 Necessary Findings Required to Impose More Than Minimum {¶ 10} Appellant next argues that the trial court failed to make the appropriate findings to sentence him to more than the minimum terms of incarceration. After a thorough review of the record and the applicable law, we find appellant's second assignment of error also to be without merit.
 {¶ 11} The standard of review with respect to sentencing is not abuse of discretion; rather, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, 710 N.E.2d 783, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122,568 N.E.2d 1222. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements, at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 12} Under R.C. 2929.14(B), a trial court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110,715 N.E.2d 131; followed by State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. These findings must be made in open court and on the record, not just incorporated into the journal entry. Statev. Comer, supra.
 {¶ 13} In the case at bar, the record clearly provides the necessary findings required to sustain this sentence. At the time of sentencing, the trial court stated several troubling findings that lead to its decision, including the following: Appellant is diagnosed with paranoid schizophrenia; appellant has suffered from serious mental illnesses for years and has been hospitalized at least eighteen times; in 2000, appellant was hospitalized in Tennessee, where he displayed a very threatening nature and was placed in seclusion; in 2001, appellant was hospitalized a few times and assaulted a police officer; and in 2002, appellant was again hospitalized and assaulted staff members. It was also shown on the record that the danger appellant imposes to society is heightened by the fact that he is a very large man of a little over six feet tall and weighing 260 pounds.
 {¶ 14} Upon reciting its many findings at the sentencing hearing, the trial court concluded:
 {¶ 15} "This man — for his own protection as well as for the protection of the public and the protection of law enforcement officers — needs to be, for a long period of time, in a secure setting until it can be demonstrated that whether through the aging process or the medication process or whatnot he's able to function and society can trust him to take his medication and can have an adequate place to live.
 {¶ 16} "* * * And frankly I think that the only way the public can be adequately protected here is that he have long-term incarceration. And — because I think absent society's ability to monitor him properly he poses the greatest likelihood of committing a future crime and he ought to have the maximum sentence * * *"
 {¶ 17} The trial court further explained its reasons for the sentence imposed through its judgment entry of sentence, which reads, in pertinent part:
 {¶ 18} "The Court finds that the minimum sentence would not adequately protect the public from future crime, and that defendant has the greatest likelihood of committing future crime. A maximum sentence is necessary to protect the public from future crime.
 {¶ 19} "The reasons for such findings are: Defendant is a 42-year-old, large, strong man who is paranoid schizophrenic with no family support system and no local agency which can provide secure housing. He has been hospitalized at least eighteen times in the last ten years because of his mental illness. When hospitalized he has been violent and has injured attendants. His hospitalizations have often been prompted by violent behavior. He has criminal convictions for DUI and domestic violence in addition to the present offenses. He is frequently non-compliant with medication. Defendant is unemployable and is a substance abuser. The past ten years' experience show that he is both frightening and a physical danger to people even when hospitalized. In the absence of a secure community facility that can maintain close and long-term supervision, long-term imprisonment is the only way to protect the public, medical attendants, and other mentally ill people who are hospitalized. Without imprisonment, he will be frequently arrested for violent behavior."
 {¶ 20} It should be noted that the Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443,690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 21} We are convinced that the trial court in this case did engage in the appropriate analysis when imposing its sentence. It reviewed the appellant's previous history of mental illness, violence, and criminal conduct. It also considered the nature of the current offenses for which appellant was being sentenced and appropriately found that the maximum terms of incarceration were necessary to adequately protect the public. Finally, the record clearly demonstrates that at both the sentencing hearing and in its judgment entry, the trial court sufficiently stated its reasons for making its findings. Therefore, appellant's second assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., concur.
[1] "Orbita: orbital cavity; eye socket; the bony cavity containing the eyeball and its adnexa * * *." (Stedman's Medical Dictionary, 5th Unabridged Lawyer's Edition, 1982.