[Cite as *State v. Jude*, 2014-Ohio-3441.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-13-1185

        Appellee                              Trial Court No. CR0201202406

v.

Wesley Jude                                   **DECISION AND JUDGMENT**

        Appellant                              Decided:  August 8, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Steven T. Casiere, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Wesley Jude, appeals the judgment of the Lucas County Court of

Common Pleas, sentencing him to a total of 11 years in prison following his guilty plea to

aggravated robbery and failure to comply with an order or signal of a police officer.  For the following reasons, we affirm.

## A.  Factual and Procedural Background

{¶ 2} Appellant's convictions in this case arose out of an incident that occurred during the early morning hours of August 15, 2012.  On that date, appellant, along with three other men, approached two females, Brandy Fasnaogh and Thea Grabiec, and asked them for directions.  At the time, Brandy and Thea were standing near Thea's 2010 Honda automobile.  Upon learning that the vehicle belonged to Thea, appellant brandished a handgun and proceeded to rob Brandy and Thea at gunpoint.  In so doing, appellant pointed the handgun at Thea's chest and stated "give me everything you have."  Appellant then instructed the victims to lay on the ground, and explained to them that he would kill them if they contacted the police.  Meanwhile, appellant's accomplices were busy going through the victims' pockets.  One of the accomplices removed Thea's keys, wallet, and cell phone.  After robbing the victims, appellant and his accomplices drove off in Thea's automobile.  Appellant was the driver of the vehicle.

{¶ 3} Later that morning, Toledo police spotted Thea's automobile and initiated a traffic stop.  However, appellant refused to stop the vehicle, and a pursuit began.  Ultimately, the pursuit ended when appellant lost control of the vehicle.  Appellant was then apprehended.  Police later learned that appellant stole the handgun he used to commit the robbery from his father.  At the time of the incident, appellant was subject to electronic monitoring as a term of his bond in a case that was pending in Wood County.

2.

However, appellant's father informed police that appellant removed his electronic ankle monitor without permission earlier in the morning.

{¶ 4} On August 23, 2012, appellant was indicted on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), along with attendant firearms specifications, and one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii). Appellant initially entered a plea of not guilty. However, on October 22, 2012, appellant withdrew his plea of not guilty and entered a guilty plea to one count of aggravated robbery with the attendant firearms specification and one count of failure to comply with an order or signal of a police officer. The state dismissed the remaining aggravated burglary count and firearm specification. After receiving appellant's guilty plea, the trial court ordered a presentence investigation report and continued the matter for sentencing.

{¶ 5} Prior to sentencing in this case, appellant entered a guilty plea in the Wood County case to two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), and three counts of complicity to burglary in violation of R.C. 2923.03(A)(2) and (3) and R.C. 2911.12(A)(3). Appellant was subsequently sentenced to six months each on the two counts of grand theft of a motor vehicle, to be served concurrently. On the counts of complicity to burglary, the trial court ordered appellant to serve 30 months in prison on each count, and ordered those sentences to be served consecutively to each other and consecutively to the six months for grand theft, for a total prison term of eight years.

3.

{¶ 6} On November 5, 2012, approximately two months after appellant was sentenced in the Wood County case, the trial court in the present action imposed prison terms of 10 years for aggravated robbery, one year for the firearm specification, and 30 months for failure to comply with an order or signal of a police officer. The trial court ordered the sentences to be served consecutive to one another. Additionally, the trial court ordered the sentences served consecutive to the sentence imposed in the Wood County case. The court justified its imposition of consecutive sentences by stating:

> We note that Count 1 [aggravated robbery] and Count 3 [failure to comply with an order or signal of a police officer] by law must be served consecutive to one another. We further find that these sentences based upon the danger the defendant poses we find that he was awaiting * * * a community control sanction out on bond when he committed these two offenses, we further find that the harm caused was so great and unusual that a single prison term for any one of the offenses committed as part of any of the courses of conduct * * * would not adequately reflect the seriousness of the offender's conduct. We further find that the defendant's criminal history requires consecutive sentences. We do order that this sentence that has now been imposed * * * shall be imposed consecutively with the Wood County case 2012-CR-0205 and it is consecutive as to Count 1, 2, 3, 5 and 8 of that sentence out of Wood County.

**{¶ 7}** The court reiterated its reasons for imposing consecutive sentences in its judgment entry, stating:

> The sentences imposed in count 1 and count 3 are ordered served consecutively to each other and served consecutively to the sentence imposed in Wood County, Ohio, case no. 2012CR0205. The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the defendant, and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses[.] [T]he Court further finds that the defendant was awaiting a community control sanction and was out on bond when he committed these two offense[s], and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct and defendant's criminal history requires consecutive sentences.

**{¶ 8}** Appellant has timely appealed the trial court's judgment to this court.

### B. Assignment of Error

**{¶ 9}** In his appeal, appellant assigns the following error for our review:

> 1. THE TRIAL COURT VIOLATED OHIO REVISED CODE SECTIONS 2929.14(C) AND 2929.41(A) WHEN IT ORDERED APPELLANT'S SENTENCE TO RUN CONSECUTIVELY TO A SENTENCE PREVIOUSLY IMPOSED IN WOOD COUNTY.

## II. Analysis

{¶ 10} We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. Under R.C. 2953.08(G)(2), we may either increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law.

{¶ 11} In his assignment of error, appellant argues that the trial court failed to make the required findings under R.C. 2929.14(C)(4) before it ordered the sentence to be served consecutively to the sentence out of Wood County.[1] Appellant also appealed his sentence in the Wood County case, alleging that the trial court failed to make certain findings required by statute as a prerequisite to imposing consecutive sentences. In *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, we held that the imposition of consecutive sentences was clearly and convincingly contrary to law because the trial court failed to make the statutory findings in its sentencing entry. Thus, we remanded the matter to the trial court for resentencing. Here, however, we conclude that the trial court made the requisite findings in its entry to support the consecutive sentence.

---

[1] Appellant acknowledges that the trial court was statutorily required to order consecutive sentences for aggravated robbery, failure to comply with a signal or order of a police officer, and the firearm specification.

6.

**{¶ 12}** R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 13}** Notably, the trial court "is not required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences provided it is 'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, 1057, 1058, 2013-Ohio-5903, ¶ 33, quoting *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

**{¶ 14}** Specifically, appellant argues that the court, at the sentencing hearing, did not find that consecutive sentences were not disproportionate to the seriousness of appellant's conduct. The state, on the other hand, citing to the sentencing hearing transcript and the trial court's judgment entry, asserts that the trial court engaged in the appropriate analysis.

**{¶ 15}** Upon our review of the record, we agree with the state that the court engaged in the appropriate analysis in determining whether consecutive sentences were proportionate to the seriousness of appellant's conduct and to the danger he poses to the public under R.C. 2929.14(C)(4). At the sentencing hearing, the trial court stated that

> [t]he offense for which [appellant is] to be sentenced is the kind of offense that when a victim is faced with a firearm, we have seen the horrible, devastating, eternal consequences of same where the victim is facing the firearm and the armed robber then chooses to take their life. Thank heavens that this didn't occur in this case. But everything else leads up to such violence.

8.

In addition to its statement at the sentencing hearing, the trial court noted its findings supporting consecutive sentences in its judgment entry, in which it stated that "the consecutive sentence is necessary to protect the public from future crime or to punish the defendant, and *not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses*." (Emphasis added.) While the court did not use such precise language during the sentencing hearing, it is clear from the foregoing that the court engaged in the appropriate analysis.

{¶ 16} Furthermore, we reject appellant's assertion, rooted in the Ohio Supreme Court's decision in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, that the trial court was required to specifically delineate its R.C. 2929.14(C)(4) findings on the record at the sentencing hearing. In *Comer*, the Ohio Supreme Court held, "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." *Comer* at paragraph one of the syllabus. At the time, former R.C. 2929.19(B)(2)(c) provided that, at the sentencing hearing, the trial court "shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." However, in 2011, the legislature amended R.C. 2929.19 as part of the sentencing overhaul in H.B. 86, and in so doing, removed the original language under subsection (B)(2)(c). Thus, as we held in *Jude*, *supra*, there is no

9.

longer a statutory requirement that the trial court expressly make the R.C. 2929.14(C)(4) findings at the sentencing hearing. Rather, a trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4) where its findings are recited in the sentencing entry and supported by the record from the sentencing hearing. *State v. Payne*, 6th Dist. Lucas Nos. L-13-1024, 1025, 2014-Ohio-1147, ¶ 13-16; R.C. 2953.08(G)(2)(a).

{¶ 17} Because the sentencing entry in this case recites the trial court's R.C. 2929.14(C)(4) findings, which are supported by the sentencing record, we hold that the trial court's imposition of consecutive sentences was not clearly and convincingly contrary to law.

{¶ 18} Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 19} For the reasons stated above, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
              JUDGE

Stephen A. Yarbrough, P.J.     

James D. Jensen, J.       _____
CONCUR.               JUDGE

             _____
              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.