[Cite as *State v. Ruff*, 2017-Ohio-4340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

    Appellee

v.

Ronald D. Ruff

    Appellant

Court of Appeals Nos. H-16-026
H-16-027

Trial Court Nos. CRI-2015-0765
CRI-2016-0063

**DECISION AND JUDGMENT**

Decided: June 16, 2017

* * * * *

James J. Sitterly, Huron County Prosecuting Attorney, for appellee.

David J. Longo, Huron County Public Defender, for appellant.

* * * * *

**JENSEN, P.J.**

## I. Introduction

**{¶ 1}** Appellant, Ronald Ruff, appeals the judgment of the Huron County Court of Common Pleas, sentencing him to 28 months in prison following his guilty plea to one count of possession of cocaine and one count of aggravated assault.

## A. Facts and Procedural Background

{¶ 2} On November 6, 2015, appellant was indicted for one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree, one count of possession of weapons while under a disability in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree. The charges all resulted from an incident that occurred on October 1, 2015.

{¶ 3} On February 19, 2016, appellant was indicted in a separate case on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. This charge stemmed from a fight that occurred on January 14, 2016, involving appellant and his cousin.

{¶ 4} After initially entering pleas of not guilty to all counts, appellant appeared before the trial court on May 3, 2016, and pled guilty to one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree, and to an amended count of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. Pursuant to the plea agreement, the two remaining charges were dismissed.

{¶ 5} On June 30, 2016, the trial court sentenced appellant to 11 months in prison for the cocaine possession count and 17 months in prison for the aggravated assault count, and ordered the sentences to be served consecutively. At the sentencing hearing, the court stated that consecutive sentences were necessary to protect the public from

2.

future crimes and effectively punish appellant. The court noted that the assault victim's skull fracture was a significant injury and the drug offense was committed while on bond awaiting trial for another offense. Based on these considerations, as well as appellant's criminal history, the court found that the consecutive sentences were not disproportionate to appellant's conduct and the danger he posed to the public.

{¶ 6} Subsequent to the trial court's imposition of sentence, appellant filed a timely notice of appeal on August 8, 2016.

## B. Assignment of Error

{¶ 7} On appeal, appellant assigns the following error:

> The trial court erred to the prejudice of the [Appellant] when it imposed consecutive terms of imprisonment for two low-level felony offenses, where the consecutive terms exceeded the maximum possible sentence for the more serious offense.

## II. Analysis

{¶ 8} We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Jude*, 6th Dist. Lucas No. L-13-1185, 2014-Ohio-3441, ¶ 10, citing *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. R.C. 2953.08(G)(2) provides two grounds for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

3.

**{¶ 9}** In *Banks*, we explained:

R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11-12. However, the trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is

"clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

{¶ 10} Here, appellant argues that the trial court erred in failing to provide specific reasons for imposing consecutive sentences based on *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 20. We reject this argument. In enacting Am.Sub.H.B. No. 86, which became effective on September 30, 2011, the legislature eliminated the substantive requirement that a trial court give reasons supporting consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27. In *Bonnell*, the Supreme Court of Ohio held:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. *Bonnell* at ¶ 37.

{¶ 11} Therefore, we have held that a trial court complies with R.C. 2929.14(C)(4) "where its findings are recited in the sentencing entry and supported by the record from the sentencing hearing." *Jude*, 6th Dist. Lucas No. L-13-1185, 2014-Ohio-3441, at ¶ 16, citing *State v. Payne*, 6th Dist. Lucas Nos. L-13-1024, L-13-1025, 2014-Ohio-1147, ¶ 13-16; R.C. 2953.08(G)(2)(a).

{¶ 12} At the sentencing hearing in this case, the court found that consecutive sentences were necessary to protect the public from future crimes and effectively punish

5.

appellant. This satisfies step one of the consecutive sentence analysis. Appellant takes exception with the trial court's analysis under step two, regarding the trial court's finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct. Appellant argues that this finding was unsupported by the record. While the trial court was not required to state specific reasons for its finding, the court explained:

> Again, there were significant injuries, certainly, you got the benefit of the bargain in your plea agreement. A fractured skull is, certainly, very significant. Looking at consecutive sentences here, the Court would find it is not disproportionate to the seriousness of the offender's conduct and danger he poses to the public.

{¶ 13} The record here suggests the court engaged in the appropriate inquiry under R.C. 2929.14(C)(4), thereby satisfying the second step of the consecutive sentencing analysis. In the final step of the consecutive sentencing analysis, the trial court indicated that appellant's drug offense was committed while he was on bond awaiting trial and appellant's criminal history demonstrated consecutive sentences were necessary to protect the public. Accordingly, step three of the analysis was satisfied.

{¶ 14} Upon review of the record, we find that the trial court engaged in the appropriate consecutive sentencing analysis. The sentencing transcript and subsequent judgment entry clearly demonstrate that the trial court engaged in the necessary steps, and its findings support consecutive sentences pursuant to R.C. 2929.14(C)(4). Appellant's

consecutive sentence was not contrary to law. Therefore, we find appellant's sole assignment of error not well-taken.

### III.  Conclusion

{¶ 15} For the foregoing reasons, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE