[Cite as *State v. Trevino*, 2014-Ohio-3363.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No. E-13-042

     Appellee                                 Trial Court No. 2012-CR-063

v.

Pablo Trevino                                  **DECISION AND JUDGMENT**

     Appellant                                Decided: August 1, 2014

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney,
Mary Ann Barylski and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorneys, for appellee.

Geoffrey L. Oglesby, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 27, 2013 sentencing judgment of the Erie

County Court of Common Pleas, which found appellant guilty of four counts of sexual

battery against his two minor stepdaughters. On February 8, 2012, appellant, Pablo

Trevino, was indicted by the Erie County Grand Jury in a six-count indictment.

**{¶ 2}** Count 1 charged appellant with rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Count 2 charged appellant with rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree. Count 3 charged appellant with disseminating material harmful to juveniles, in violation of R.C. 2907.31(A)(1), a felony of the fourth degree. Count 4 charged appellant with rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Count 5 charged appellant with gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. Count 6 charged appellant with rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Counts 1 and 2 pertained to appellant's older stepdaughter. Counts 3, 4, 5, and 6 pertained to appellant's younger stepdaughter.

**{¶ 3}** On April 25, 2013, pursuant to a plea agreement, appellant pled guilty to four reduced counts of sexual battery, in violation of R.C. 2907.03(A)(5), felonies of the third degree. In exchange, the remaining two charges were dismissed. On June 28, 2013, appellant was sentenced to a five-year term of incarceration on each count, ordered to be served consecutively, for a total term of incarceration of 20 years. Given these convictions, appellant was classified as a Tier III sexual offender. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 4}** Appellant sets forth the following two assignments of error:

I. The trial court erred by running Counts 1 and 2 consecutive with Count 1 is subsumed into Count 2 and all the Defendant's acts in Counts 4 and 6 and subsumed into one act.

2.

II.  The Trial Court Erred by Running all the Counts Consecutive when the Court improperly applied and violated the spirit of R.C. 2929.14I [sic] (4).

{¶ 5} The following undisputed facts are relevant to this appeal.  This case arises from appellant's unlawful sexual interactions over many years with his two young stepdaughters.  Appellant initiated the conduct with the two girls when each reached approximately eight years of age.

{¶ 6} Appellant's older stepdaughter ultimately disclosed the illicit conduct to her mother some years later.  Subsequently, the victim conveyed to the police that when she was around eight years of age, appellant would come into her bedroom during the night and perform oral sex upon her.  Appellant admonished his stepdaughter not to tell her mother about the incidents.  The victim unsuccessfully attempted to resist appellant's nighttime visits.  She further stated that these incidents always occurred when her mother was not at home.

{¶ 7} When the victim reached approximately 12 or 13 years of age, appellant began forcing her to perform oral sex upon him in addition to performing oral sex upon her.  As he escalated the scope of his unlawful conduct, appellant attempted vaginal intercourse with the victim.  She resisted and warned him she was going to tell her mother if that occurred.  The sexual abuse lasted for approximately seven years.

{¶ 8} Appellant's younger stepdaughter similarly disclosed during the investigation underlying this matter that when she was approximately eight years of age

3.

appellant encouraged her to watch pornographic movies with him. Notably, appellant would force the younger sister to watch as her older sister performed oral sex upon appellant. The younger sister also stated that appellant vaginally raped her when she was about 12 years of age. Appellant would come into her bedroom during the night, wake her up, and force her to engage in intercourse. After this had occurred on approximately eight to ten occasions, she threatened to tell her mother. Following this, the conduct ceased.

{¶ 9} On April 25, 2013, appellant pled guilty to four reduced counts of sexual battery, in violation of R.C. 2907.03(A)(5), felonies of the third degree. The remaining two charges, disseminating matter harmful to juveniles and gross sexual imposition, were dismissed. On June 28, 2013, appellant was sentenced to a five-year term of incarceration on each count, ordered to be served consecutively, for a total term of incarceration of 20 years. Given these convictions, appellant was classified as a Tier III sexual offender. This appeal ensued.

{¶ 10} In the first assignment of error, the crux of appellant's contention is that the trial court committed plain error in failing to merge the sexual battery offenses for both victims. We are not persuaded. We note that the issue of allied offenses and merger was not raised before the trial court. Of greater relevance, the offenses stemmed from completely different incidents covering separate time periods.

4.

**{¶ 11}** R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 12}** Appellant's failure to raise a claim that the sexual battery offenses are allied offenses of similar import before the trial court operates as a waiver of appellant's right to raise the issue on appeal. *State v. Edwards*, 6th Dist. Lucas No. L-08-1408, 2010-Ohio-2582, ¶ 8 (citations omitted). Thus, "[a]n error not raised in the trial court must be plain error in order for an appellate court to reverse." *Id.*, citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

**{¶ 13}** To be considered plain error, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error and taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Id.*

5.

{¶ 14} In *State v. Johnson*, the Supreme Court of Ohio stated if multiple "offenses are committed separately, or if the defendant has a separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48.

{¶ 15} Importantly, as applied to the present case, the multiple rape offenses do not merge because the record shows that appellant possessed a separate specific intent to commit each offense and because each of the two victims suffered a separate risk of harm from each rape. *See also State v. Davic*, 10th Dist. Franklin No. 11AP-555, 2012-Ohio-952, ¶ 16 (holding multiple rape offenses do not merge when the appellant was alternating between cunnilingus and digital penetration because each required a separate specific intent and the victim suffered a separate risk of harm from each rape).

{¶ 16} Here, an intervening act separated each of appellant's multiple rapes because he was alternating between forcing his performance of cunnilingus upon the victims, forcing the victims to perform oral sex on him, and also forcing one of the two victims to engage in vaginal intercourse with him. Thus, each rape count constituted a separate offense committed with a separate specific intent and causing separate harm to each of the victims.

{¶ 17} Accordingly, we find that the trial court did not err in its treatment of the separate counts for sentencing purposes. Wherefore, we find appellant's first assignment of error to be not well-taken.

6.

{¶ 18} In the second assignment of error, appellant asserts that the trial court failed to make necessary findings pursuant to R.C. 2929.14(C)(4). This court recently set forth the proper parameters of felony sentence review on appeal. We noted that R.C. 2953.08(G)(2) "directly defines and establishes the proper appellate standard of review in felony sentencing cases." *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 19} R.C. 2953.08(G)(2) establishes that, "[t]he appellant court's standard of review is not whether the sentencing court abused its discretion." *Id*. As stated in *Tammerine*:

An appellate court may increase, reduce, modify, or vacate and remand a dispute[d] sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*Tammerine* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 20} However, the approach articulated in *State v. Kalish* can be used in the context of determining whether a sentence is "clearly and convincingly contrary to law"

7.

and thus "outside the permissible statutory range." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 15.

{¶ 21} In applying the controlling R.C. 2953.08(G)(2) parameters to the propriety of the disputed sentence in this case, we first note that the permissible statutory sentencing range for sexual battery, a felony of the third degree, ranges between 12 and 60 months. R.C. 2929.14(A)(3)(a). Thus, the five-year disputed term of incarceration imposed for the sexual battery charge clearly falls within the permissible statutory range.

{¶ 22} In conjunction with the above, the record also reflects that the trial court properly considered the record, oral statements and sentencing report, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12. Accordingly, appellant's sentence was not excessive, unreasonable, or contrary to law.

{¶ 23} Next, in connection to consideration of any R.C. 2953.08(G)(2) statutory findings potentially relevant to our review of this case, appellant suggests that R.C. 2929.14(C)(4) (governing imposition of consecutive sentences) is of relevance in the instant case.

{¶ 24} We review the imposition of consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. "Under R.C. 2953.08(G)(2), we may either increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing where we clearly and convincingly find that either the record does not

8.

support the trial court's findings under 2929.14(C)(4), or the sentence is otherwise contrary to law." *State v. Washington*, 6th Dist. Lucas No. L-13-1201, 2014-Ohio-2565, ¶ 6.

**{¶ 25}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

9.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 26} The trial court "is not required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences provided it is 'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, L-13-1058, 2013-Ohio-5903, ¶ 33, quoting *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12. "While the trial court need not quote the statute verbatim, [the R.C. 2929.14(C)(4)] findings must be made in the sentencing entry." *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10. "Furthermore, the findings that the trial court makes in its sentencing entry must be supported by the record from the sentencing hearing." *Id.*; R.C. 2953.08(G)(2)(a).

{¶ 27} Thus, R.C. 2929.14(C)(4) requires the trial court to make the following findings: (1) that the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and (3) that one of the circumstances listed in R.C. 2929.14(C)(4)(a)-(c) applies. Here, the trial court's entry makes each finding.

{¶ 28} As to the first required statutory finding for consecutive sentences, the judgment entry states that the trial court "considered and weighed the principles and purposes of sentencing (O.R.C. 2929.11 / §2929.21 et.. seq..)." R.C. 2929.11 provides that the overriding principles and purposes of sentencing are to "protect the public from

10.

future crime by the offender and others and to punish the offender." Thus, the record shows that the court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant. The first required finding for consecutive sentencing is satisfied.

{¶ 29} As to the second required statutory finding for consecutive sentencing, the judgment entry expressly states that the trial court "considered, weighed, and made findings for * * * Consecutive sentence[s] (O.R.C. §2929.12 / §2929.13 / 2929.14 et.. seq..)." The second required finding for consecutive sentencing is satisfied.

{¶ 30} With respect to the third statutory requirement for consecutive sentencing, the trial court expressly found at sentencing pursuant R.C. 2929.14(C)(4)(b), "two or more of these offenses were committed as part of a continuing course of conduct and the harm caused by these two offenses was so great and so unusual that a single prison term wouldn't be sufficient." The trial court went on to enumerate in the accompanying entry, "This court considered, weighed and made findings for * * * Consecutive sentence[s] (O.R.C. §2929.12 / §2929.13 / 2929.14 et.. seq..)," thereby satisfying the third required finding for consecutive sentencing.

{¶ 31} Contrary to appellant's contention that his sentence is improper, the record shows the disputed sentence to be wholly lawful and in compliance with the statutory requirements as part of R.C. 2929.14(C)(4). Appellant's second assignment of error is found not well-taken.

11.

**{¶ 32}** Wherefore, we find that substantial justice has been done in this matter. The judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.