[Cite as *State v. R.S.*, 2015-Ohio-3194.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

Appellee

v.

R.S.

Appellant

Court of Appeals No. E-14-099

Trial Court No. 2013 CR 0374

**DECISION AND JUDGMENT**

Decided: August 7, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Chief Assistant Prosecutor, for appellee.

Brian A. Smith, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Erie County Court of Common

Pleas, following a guilty plea, in which appellant, R.S., was found guilty of four counts of

sexual battery and sentenced to serve four consecutive, 54-month prison terms. The facts

relevant to the issues on appeal are as follows.

**{¶ 2}** On August 21, 2013, Huron Police Detective Matthew A. Jacobs was informed that appellant sexually abused one of his daughters from the time she was 12 years old, until she was 17 years old. In addition to the victim's statement, Jacobs was given a copy of a Facebook conversation between an adult female friend of the victim and appellant, in which the female friend confronted appellant about the abuse. Appellant responded to the confrontation by saying that he did not want to go jail and "its not like I forced her not saying it wasn't still wrong a serious lack of judgment at that point and time." The victim also stated that her younger siblings still resided in the home with appellant, prompting an investigation by Erie County Children's Services.

**{¶ 3}** On September 11, 2013, appellant was indicted by the Erie County Grand Jury on six counts of rape pursuant to R.C. 2907.02(A)(1) (Counts 1, 3, 5, 7, 9 and 11) and six counts of sexual battery pursuant to R.C. 2907.03(A)(5) (Counts 2, 4, 6, 8, 10 and 12). In addition, one count carried the specification that appellant "purposely compelled the victim to submit by force or the threat of force during the commission of the offense."

**{¶ 4}** A plea hearing was held on November 25, 2013, at which appellant entered a guilty plea to four counts of sexual battery. During the hearing the prosecutor stated that, pursuant to the plea, the state would dismiss the six rape counts, the specification, and two of the sexual battery charges. Appellant's attorney stated that appellant understood both the nature of his plea and that he would be classified as a Tier III sexual offender.

**{¶ 5}** After counsels' statements, the trial court questioned appellant and ascertained that he was not under the influence of drugs or alcohol, had not been judged

2.

to be mentally incompetent, had no questions concerning the indictment or his plea, and was satisfied with his attorney's representation. The trial court advised appellant that his plea was a complete admission of guilt, for which he could be immediately sentenced. The trial court reviewed the sentencing options, which included prison sentences of up to 60 months for each count of sexual battery, community sanctions for up to five years, and postrelease control sanctions. The trial court further stated that, by entering a plea, appellant was giving up his right to appeal the evidentiary aspects of his conviction, and he was limiting any appeal to only the plea and sentence. The trial court also told appellant that he was required to file an appeal within 30 days of the date the judgment was journalized.

{¶ 6} The trial court advised appellant that entering a plea would constitute a waiver of his constitutional rights to a jury trial, a unanimous guilty verdict, the right to cross-examine witnesses and to subpoena witnesses to testify on his behalf, and to testify on his own behalf at trial. Appellant stated that he had no questions regarding his rights or any other matters, he was not forced, coerced or threatened into to making his plea, and that the plea was not made under duress. The trial court also informed appellant that, as a result of his plea, other penalties might be invoked against him by another court or agency. Appellant then entered his plea, after which the trial court stated that he knowingly, intelligently and voluntarily waived his constitutional rights pursuant to Crim.R. 11. Thereafter, the trial court found appellant guilty of four counts of sexual battery and dismissed the remaining counts and the specification, ordered the preparation

3.

of a presentence investigation report, and scheduled a sentencing hearing for January 30, 2014.

{¶ 7} At the sentencing hearing, the trial court stated that it had reviewed the presentence report, as well as the purposes and principles of sentencing and the sentencing statute. Although the victim was not present, a victim's impact statement and letters from members of the victim's family were read into the record. Thereafter, the trial court further advised appellant of his rights to an appeal, to have appointed appellate counsel, and to have costs associated with an appeal waived upon a showing of indigency. The trial court then notified appellant as to the potential terms of postrelease control, stated that no mandatory sentence was required, and that appellant could perform community service to pay for any court costs and/or fines.

{¶ 8} During the course of the sentencing hearing, the trial court stated:

Okay. Mr. S., your juvenile [record is one violent offense.] Your adult record, you have no adult record, per se, outside of this offense. You have what this court deems attitude offenses. They're not felonies. They're misdemeanors. You usually see them in traffic related offenses, and let me say that everybody gets tickets for driving; speeding, running a stop sign, those things kind of happen. But when someone continually gets tickets all the time and the same type of behavior, it says, I know I should wear my seatbelt, or I know I should have my driver license, but I want to

4.

do it anyhow, and they do it, and that's why they get caught and they get these attitude offenses.

Ninety-three, driving on a suspended license and registration violation; '98, driving on a suspended license; '98 failure to control; '99 no seatbelt; '99, speeding; '99, speeding; '99, no seatbelt; 2000, speeding; 2005, speeding; 2011, speeding and improper passing; 2013, no seatbelt. Once again, those kind of – not major crimes, but it says something about a person.

**{¶ 9}** The trial court also stated it had reviewed the facts of the case in light of the purposes and principles of sentencing set forth in R.C. 2929.11, which is to protect the public from future crime and punish the offender, including the need to incapacitate and deter an offender from committing future crimes, and for rehabilitation and/or restitution. In addition, the trial court said it had considered the factors set forth in R.C. 2929.12 as to the possibility of recidivism, and whether appellant's crime was more or less serious than conduct that normally constitutes the offense. In that regard, the trial court found that, pursuant to R.C. 2929.12(B)(1), the physical and mental injury to the victim was exacerbated by the victim's age and the five-year period during which the offenses took place. The trial court also found, pursuant to R.C. 2929.12(B)(6), that appellant's relationship with the victim facilitated the offense, and that the victim did not induce or facilitate the offense, and appellant did not act "under a strong provocation." The trial

5.

court said that, due to the age of the victim, appellant had to know that he was causing harm. The court also found that no mitigating circumstances were present.

{¶ 10} As to the likelihood of recidivism pursuant to R.C. 2929.12(D)(1) and (2), the trial court found that appellant was previously adjudicated a delinquent child for "a crime of violence" and, although he has a history of traffic offenses as an adult, he does not have previous criminal convictions. Pursuant to R.C. 2929.12(D)(5), the trial court found that appellant showed no genuine remorse for his crimes, as evidenced by the text message he sent the victim, and he did not lead a law abiding life for at least five years before he was arrested in this case as evidenced by the crimes charged, which spanned the course of five years. The trial court further stated: "The crimes were committed under circumstances not likely to reoccur. That's not true. I think the police reports indicated that it was going on sometimes twice a week for five years." For all the foregoing reasons, the trial court found that "recidivism is likely."

{¶ 11} The trial court said that appellant acted in contradiction to a natural parent's instinct to protect his own child from harm, and also contrary to his former military training, and that appellant's use of a condom indicates that he knew his conduct could harm the victim. The court noted that the victim feels guilty, and yet, she does not want to see appellant go to prison because of her younger siblings. The court also noted that it was the mother of the victim's boyfriend who went to police to report appellant's behavior. When appellant said that he "didn't know how to ask for help," the court

6.

replied: "You didn't know how to ask for help, but it didn't stop you from asking for what you really wanted."

{¶ 12} Appellant's defense counsel asked the trial court to consider imposing concurrent prison terms and finding that appellant is eligible for judicial release because he has a wife and children other than the victim to support. Counsel also said that, according to appellant's counselor, appellant "takes responsibility" for his actions.

{¶ 13} The prosecutor stated that, although appellant apparently told his counselor he was taking responsibility for his crimes, he refers to his actions as a "mistake," he did not seek help until he actually was charged with a crime, and he asked the victim to "do it one more time for old time's sake" after she went to the police. The prosecutor told the court that consecutive sentences are necessary to protect the community and to punish appellant, and asked that he be given a five-year sentence for each count, with three of the four sentences to run concurrently. The court and the prosecutor then discussed appellant's juvenile record, which included an adjudication of delinquency, and probation for a violent crime in 1993. Appellant declined to make a statement on his own behalf.

{¶ 14} After hearing the parties' statements, the trial court informed appellant as to the nature and consequences of a Tier III sexual offender classification, including lifetime registration requirements for appellant and any vehicles he may own, and notification requirements for any change in his residence or employment. Appellant stated that he understood the requirements, and had no questions. The trial court noted that all of appellant's offenses in this case "took place on or after January 1st of 2008.

7.

Therefore, they all four fall under the Tier III Adam Walsh Act and none of them fall under the Megan's law, which was the previous sexual predator finding."

{¶ 15} On February 4, 2014, the trial court journalized a judgment entry in which it stated that appellant was notified at the sentencing hearing of his rights pursuant to Crim.R. 32, and was advised that, upon his release from prison, he could be subjected to up to five years of postrelease control. The trial court said that, in fashioning appellant's sentence, it considered the record and statements made at the hearing, the victim's impact statements, and the presentence investigation report. The trial court also said that it "considered and weighed the principles and purposes of sentencing" pursuant to R.C. 2929.12, 2929.13, and 2929.22 and found that appellant "is not amenable to Community Control Sanctions," and "considered, weighed and made findings for sentencing of either a Concurrent and/or Consecutive sentence" pursuant to R.C. 2929.14.

{¶ 16} The trial court found appellant guilty of four counts of sexual battery as stated in the plea agreement, and dismissed the remaining counts and the specification. The trial court sentenced appellant to serve four consecutive 54-month prison sentences, designated him as a Tier III sex offender, subjected him to five years mandatory postrelease control, and ordered him to pay court costs. On July 24, 2014, appellant, acting pro se, filed a motion for delayed appeal in this court, which we granted on September 9, 2014.

8.

**{¶ 17}** On appeal, appellant sets forth the following two assignments of error:

Assignment of Error I

The record does not support the trial court's imposition of consecutive sentences upon Appellant.

Assignment of Error II

The trial court's imposition of consecutive sentences was contrary to law.

**{¶ 18}** In support of his first assignment of error, appellant argues that the record does not contain "clear and convincing evidence" to support a finding that the imposition of consecutive sentences was necessary to punish appellant and to protect the public from future crimes. Specifically, appellant states that the trial court ignored his efforts to attend counseling sessions and to "self-rehabilitate." Appellant also argues that the trial court erroneously concluded that his behavior in this instance could be repeated against a different victim because it "looked solely at the length of time in which appellant's conduct took place, not prospectively, as is required under R.C. 2929.12."

**{¶ 19}** Pursuant to R.C. 2953.08(G)(2), an appellate court hearing an appeal from a judgment imposing consecutive sentences "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * *" if it "clearly and convincingly finds" that the sentence is either: (1) not supported by the record pursuant to R.C. 2929.14(C)(4), or (2) it is "otherwise contrary to law."

9.

**{¶ 20}** We note initially that, pursuant to R.C. 2929.14(A)(3)(a), the permissible sentence for a third degree felony ranges between 12 to 60 months. Accordingly, the trial court's 54-month sentence for each individual charge of sexual battery falls within the statutory range and therefore is not contrary to law.

**{¶ 21}** Under R.C. 2929.14(C)(4), the trial court must make its findings in support of consecutive sentences on the record at the sentencing hearing.

**{¶ 22}** As to the factors to be considered, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

10.

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} In this case, the trial court found pursuant to R.C. 2929.14(C)(4), that:

[C]onsecutive sentences are necessary to protect the public from future crimes by you and punish you for your behavior. If your own daughter can be victimized by you, who else in society could? So it's necessary to protect the public from future crimes by you.

{¶ 24} The trial court further found that:

[Consecutive sentences] are not disproportionate to the seriousness of your conduct and the danger that you pose to society. At least two of these offenses were committed as part of a continuing course of conduct and the harm caused was so great and so unusual that no single prison terms would adequately reflect the seriousness of your conduct.

{¶ 25} After reviewing the entire record in light of the applicable statutory requirements, we find that the trial court made the requisite findings to support the imposition of consecutive sentences. Contrary to appellant's assertion, those findings included weighing appellant's attempt to seek counseling after the victim reported the abuse against his conscious decision to continue abusing his daughter for a period of five

years.  We further conclude that, even though no expert testimony was presented to demonstrate that appellant was likely to commit more crimes in the future, the record contains clear and convincing evidence to support the trial court's findings pursuant to R.C. 2929.14(C)(4) as to the seriousness of appellant's conduct, the level of harm caused to the victim, the need to punish appellant, and that the crimes were committed as part of a continuing course of conduct.  Accordingly, appellant's first assignment of error is not well-taken.

{¶ 26} In his second assignment of error, appellant asserts that the trial court's judgment entry is defective because it does not contain sufficient, mandatory findings pursuant to R.C. 2929.14(C)(4) to support the imposition of consecutive sentences.  We disagree, for the following reasons.

{¶ 27} As stated above, pursuant to R.C. 2929.14(C)(4), before imposing consecutive sentences, the trial court must perform a three-fold analysis.  The statute first requires a finding that consecutive sentences are "necessary to protect the public from future crime or to punish the offender."  Second, the trial court must find that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" by analyzing the facts in light of R.C. 2929.12. Third, in addition to making those findings, the trial court must find that at least one of the factors listed in R.C. 2929.14(C)(4)(a)-(c) applies.  *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11.

12.

**{¶ 28}** When imposing consecutive sentences, the trial court is not required to recite any "magic" or "talismanic" words provided it is "'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, L-13-1058, 2013-Ohio-5903, ¶ 33, quoting *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12. "'While the trial court need not quote the statute verbatim, the findings must be made in the sentencing entry.'" *State v. Trevino*, 6th Dist. Erie No. E-13-022, 2014-Ohio-3363, ¶ 26, quoting *State v. Jude,* 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10. Further, the findings made in the sentencing entry "must be supported by the record from the sentencing hearing." *Jude*, *supra*, citing R.C. 2953.08(G)(2)(a).

**{¶ 29}** In this case, the sentencing judgment entry is preprinted. In the section titled "Review of Applicable Sentencing Criteria and Findings," the trial court indicated that it considered the record and any statements made by the parties, including the victim's impact statement and the presentence investigation report. In addition, the judgment entry indicates that the following relevant findings were made by the trial court before appellant was found guilty and ordered to serve consecutive sentences:

> This Court considered and weighed the principles and purposes of sentencing (O.R.C. §2929.11 / §2929.21 et. seq.).

> This Court considered, weighed, and made findings of the sentencing factors for imposition of Community Control sanctions, or for

13.

the imposition of a Prison / Jail term (O.R.C. §2929.12/ §2929.13/ §2929.22 et. seq). * * *

This Court considered, weighed and made findings for sentencing of either a Concurrent and/or Consecutive sentence (O.R.C. §2929.12/ §2929.13/ §2929.14 et seq.).

{¶ 30} Under the section titled "Sentencing (Concurrent/Consecutive)," the judgment entry contains the following relevant finding:

This Court finds that Consecutive sentences are applicable based on O.R.C. 2929.14 et seq.

{¶ 31} This court has reviewed the entire record, including the transcript of the plea hearing and the sentencing hearing and upon consideration thereof and the judgment entry of sentencing we find that, while the judgment entry could have been more tailored to reflect the exact findings made in this case, it was, nevertheless, sufficient to comply with the statutory requirements of R.C. 2929.14(C)(4). Accordingly, appellant's second assignment of error is not well-taken.

{¶ 32} On consideration whereof, we find that substantial justice has been done in this case, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.   _____
             JUDGE
Stephen A. Yarbrough, P.J.

            _____
James D. Jensen, J.         JUDGE
CONCUR.

            _____
             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.