[Cite as *State v. Waxler*, 2017-Ohio-7536.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-16-1269

      Appellee                                              Trial Court No. CR0201002858

v.

David Waxler                                                 **DECISION AND JUDGMENT**

      Appellant                                             Decided:  September 8, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, David Waxler, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to a total of 13 years in prison after we remanded the

matter to the trial court for resentencing.

## A. Facts and Procedural Background

{¶ 2} In *State v. Waxler*, 2016-Ohio-5435, 69 N.E.3d 1132, ¶ 2-5 (6th Dist.), we outlined the facts relevant to this appeal as follows:

> On October 15, 2010, David Waxler was indicted on five counts of possession of cocaine, five counts of trafficking in crack cocaine, and two counts of disposing of stolen property, after selling crack cocaine and stolen firearms to an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms. He entered a no contest plea to Count 1 of the indictment (trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(c), a third-degree felony); Count 4 (possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(c), a third-degree felony); Count 5 (trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(e), a second-degree felony); Count 7 (receiving stolen property, a violation of R.C. 2913.51, a fourth-degree felony); and Count 11 (possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony).

> Following its review of a presentence investigation report, the trial court sentenced Waxler to a prison term of three years on Count 1, three years on Count 4, five years on Count 5, 15 months on Count 7, and five years on Count 11. It ordered that Counts 1, 4, and 7 be served concurrently with each other, but consecutively with Counts 5 and 11. Additionally, it ordered that Counts 5 and 11 be served consecutively to each other. This

resulted in an aggregate prison term of 13 years. The court imposed a $25,000 fine and a period of postrelease control. Waxler's sentence was memorialized in an order journalized on April 11, 2011.

Waxler appealed the April 11, 2011 judgment. He argued that the trial court abused its discretion in imposing consecutive sentences and in finding that he "caused or threatened physical harm to a person." In a decision dated August 10, 2012, we rejected Waxler's argument that the trial court abused its discretion in imposing consecutive sentences, however, we agreed that there was no support for the trial court's finding that defendant caused or threatened physical harm. *State v. Waxler*, 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 5. We determined that this erroneous finding was a substantive legal decision not amenable to correction through a nunc pro tunc entry, and that the sentencing entry must, therefore, be vacated and the matter remanded for resentencing. *Id*. at ¶ 16. We also observed that the trial court inaccurately characterized appellant's plea as "a plea of guilty pursuant to *North Carolina v. Alford*." *Id*. at ¶ 5.

Waxler was resentenced on October 4, 2012. The court corrected the plea designation, omitted the reference to physical harm, and waived the previously-imposed $25,000 fine due to Waxler's filing of an affidavit of indigence, but it reimposed the 13-year aggregate prison sentence. The new

sentencing entry was journalized on October 10, 2012. On August 13, 2015, Waxler sought leave to file a delayed appeal, which we granted in an order dated November 5, 2015.

{¶ 3} In his delayed appeal before this court, Waxler argued that his sentence was contrary to law because the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) to justify the imposition of consecutive sentences. *Id.* at ¶ 5. At the outset, we noted that it was undisputed that the trial court failed to make the findings required under R.C. 2929.14(C)(4). Accordingly, we remanded the matter to the trial court for resentencing, with instructions to the trial court that it "must determine solely whether the R.C. 2929.14(C)(4) factors support the imposition of consecutive sentences." *Id.* at ¶ 29.

{¶ 4} Waxler was resentenced on October 12, 2016. At the hearing held on that date, Waxler's counsel argued that consecutive sentences were not appropriate under R.C. 2929.14(C)(4). Counsel asserted that Waxler did not commit the offenses for which he was found guilty while awaiting trial or sentencing. Thus, he argued that Waxler could not be ordered to serve consecutive sentences under R.C. 2929.14(C)(4)(a). Further, counsel argued that Waxler's criminal history, which consists of one misdemeanor and one juvenile delinquency finding, did not justify consecutive sentences under R.C. 2929.14(C)(4)(c). Finally, counsel urged that the harm caused by Waxler's offenses was not so great or unusual that concurrent sentences would demean the seriousness of Waxler's conduct, as required under R.C. 2929.14(C)(4)(b). Rather,

4.

counsel contended that there was no harm in this case because Waxler sold drugs to confidential informants who were working with law enforcement at the time of the transactions.

{¶ 5} Upon consideration, the trial court rejected Waxler's arguments and ordered him to serve three years in prison for trafficking in cocaine in Count 1, three years for possession of cocaine in Count 4, five years for trafficking in cocaine in Count 5, 15 months for receiving stolen property in Count 7, and five years for possession of cocaine in Count 11. The court ordered that Counts 1, 4, and 7 be served concurrently with each other, but consecutively with Counts 5 and 11. Additionally, it ordered that Counts 5 and 11 be served consecutively to each other, for a total prison sentence of 13 years.

{¶ 6} Regarding its imposition of consecutive sentences, the court explained that "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term for any of these offenses * * * adequately reflects the seriousness of the offender's conduct."

## B. Assignment of Error

{¶ 7} Following the trial court's imposition of consecutive sentences, Waxler filed a timely notice of appeal, and now assigns the following error for our review:

It constituted error to impose consecutive sentences because the record does not support the finding required under R.C. 2929.14(C)(4)(b) that the harm caused was so great or unusual that no single prison term for

5.

any of the offenses committed adequately reflects the seriousness of the offender's conduct.

## II.  Analysis

{¶ 8} In his sole assignment of error, Waxler argues that the trial court improperly imposed consecutive sentences based upon its erroneous finding that the harm he caused was so great or unusual that no single prison term for any of the offenses he committed would adequately reflect the seriousness of his conduct under R.C. 2929.14(C)(4)(b).

{¶ 9} We review consecutive sentences using the standard of review set forth in R.C. 2953.08.  *State v. Jude*, 6th Dist. Lucas No. L-13-1185, 2014-Ohio-3441.  R.C. 2953.08(G)(2) provides two grounds for a reviewing court to overturn the imposition of consecutive sentences:  the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶ 10} R.C. 2929.14(C)(4) provides for the imposition of consecutive sentences as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

6.

seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} Construing the foregoing statute, we have stated that the trial court must perform a three-part analysis before imposing consecutive sentences. *State v. R.S.*, 6th Dist. Erie No. E-14-099, 2015-Ohio-3194, ¶ 27. First, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." Second, the court must find that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Third, the trial court must find that at least one of the

7.

factors listed in R.C. 2929.14(C)(4)(a)-(c) applies. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11.

{¶ 12} When imposing consecutive sentences, the trial court is not required to recite any "magic" or "talismanic" words provided it is "'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, L-13-1058, 2013-Ohio-5903, ¶ 33, quoting *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12. "'While the trial court need not quote the statute verbatim, the findings must be made in the sentencing entry.'" *State v. Trevino*, 6th Dist. Erie No. E-13-022, 2014-Ohio-3363, ¶ 26, quoting *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10. Moreover, the findings set forth in the sentencing entry "must be supported by the record from the sentencing hearing." *Jude* at ¶ 10, citing R.C. 2953.08(G)(2)(a).

{¶ 13} The sentencing entry in this case contains the following findings concerning the decision to impose consecutive sentences:

> Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the [public] from future crime or to punish the defendant, and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses, the Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

8.

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 14} It is clear from the foregoing language that the trial court complied with the three-part analysis that is applicable under R.C. 2929.14(C)(4). Indeed, Waxler does not dispute that the court made all of the requisite findings. Nonetheless, Waxler argues that the trial court's findings under R.C. 2929.14(C)(4)(b) are not supported by the record in this case. More specifically, Waxler contends that the harm caused by his criminal conduct was "neither great nor unusual." Waxler cites three decisions from the Second Appellate District in support of his argument. *See State v. Overholster*, 2d Dist. Clark No. 2014-CA-42, 2015-Ohio-1980, ¶ 32 (reversing trial court's imposition of consecutive sentences where the record was devoid of any evidence to support the court's finding that the harm caused by the defendant's criminal sexual acts with an eleven-year-old was greater than the harm generally associated with such conduct); *State v. Nichols*, 2d Dist. Clark No. 2012 CA 38, 2013-Ohio-3285, ¶ 16 (finding that the trial court had no authority to order the defendant to serve consecutive sentences under R.C. 2929.14(C)(4)(b) because touching a first or second grade girl on her butt or pubic area while working as a janitor at an elementary school did not constitute the most serious form of the offense of gross sexual imposition); *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, ¶ 30 (stating that consecutive sentences totaling 20 years for three counts of burglary and one count of heroin possession were not supported by the

9.

record where the burglaries involved theft offenses and were not violent, and the defendant was a "22-year-old non-psychopathic [heroin] addict, with only a previous juvenile suspended DYS commitment and no adult felony record").

{¶ 15} At resentencing in this case, the trial court considered the following factual background relating to Waxler's convictions:

> In count one, an ATF agent and a [confidential informant] arranged to purchase one-eighth ounce of crack cocaine from you and you advised the agent that you had a bag of crack packaged with $20 rocks ready for sale for $300. * * * On [April 10, 2010,] an agent and a [confidential informant] arranged to purchase an eighth of an ounce of crack cocaine and you met with them again at the corner of Crittenden and Maumee within 1,000 feet of an elementary school and sold 6.49 grams of crack cocaine for $300. On [April 22, 2010], after arranging to sell a half an ounce of crack cocaine to the agent and the [confidential informant] for $600 you sold 12.04 grams of crack cocaine. * * * On [May 4, 2010], the agent and the [confidential informant] attempted to arrange – arranged to purchase a half an ounce of crack and a firearm from you. You told them that you could only get a firearm and would sell it for $450. You met with the agent * * * and sold the agent a Smith & Wesson .357 revolver. The weapon had been reported stolen. On [May 20, 2010], you sold the agent 27.39 grams of crack cocaine and a .22 caliber Derringer handgun on Miller and Curtis,

within 1,000 feet of Libbey High School. On [May 27, 2010], you met the agent at the Park Terrace apartments on Hidden Valley Drive and sold 13.73 grams of crack cocaine and an AK47 for $1,700. That weapon had been reported stolen, and that also took place within 1,000 feet of Rogers High School.

Based upon the foregoing facts, the trial court found that Waxler was involved in a course of conduct concerning the sale of guns and drugs to an undercover agent. The court rejected Waxler's attempt to downplay the harm caused by his conduct based upon the fact that the crimes involved sales to law enforcement, finding that Waxler's intention was to provide guns and drugs to people in the community.

{¶ 16} Upon review, we find that this case is distinguishable from those cited by Waxler. Initially, we note the fact-specific nature inherent in a trial court's consideration of whether the harm caused by two or more of the multiple offenses committed by the defendant was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct. Moreover, we agree with the trial court that the harm stemming from Waxler's conduct centers on his intention to distribute drugs and firearms to his community. That his customer turned out to be a confidential information is irrelevant in this regard. Further, appellant's conduct was made more egregious when one considers the proximity of the transactions to area schools. In sum, we find that the record supports the trial court's findings under R.C. 2929.14(C)(4).

11.

**{¶ 17}** Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

**{¶ 18}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Waxler is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE