[Cite as *State v. Dean*, 2019-Ohio-425.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

Court of Appeals No. L-17-1274

Trial Court No. CR0201602018

v.

Michael C. Dean

**DECISION AND JUDGMENT**

Appellant

Decided:  February 8, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas which sentenced appellant to consecutive sentences after the trial court accepted his

*Alford* pleas to felonious assault and to aggravated murder.  For the reasons set forth

below, this court affirms the sentencing judgment of the trial court, but remands the matter for the limited purpose of entering a nunc pro tunc entry on consecutive sentences.

{¶ 2} Appellant set forth one assignment of error:

    1.  The trial court's imposition of consecutive sentences was not supported by the trial court's findings and is therefore contrary to law.

## I.  Background

{¶ 3} The following facts are relevant to this appeal.

{¶ 4} On June 1, 2016, a Lucas County Grand Jury indicted appellant Michael C. Dean for four offenses:  (1) felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, (2) attempt to commit murder, a violation of R.C. 2923.03, a felony of the first degree, (3) aggravated burglary, a violation of R.C. 2911.11(A)(1), a felony of the first degree, and (4) aggravated murder, a violation of R.C. 2903.01(A) and (F), an unclassified felony.

{¶ 5} The victims in this matter were the parents of the mother of appellant's young child.  On May 14, 2016, appellant sought to see his child and went unannounced to where the child's mother lived with her parents in Toledo, Lucas County, Ohio. Appellant walked over one mile on foot, and the child's grandfather, Mr. Dixon, passed appellant at a nearby intersection.  Mr. Dixon pulled over and greeted appellant. Appellant demanded to see his child and without warning slashed Mr. Dixon's throat with a box cutter after the grandfather told appellant he did not know where the child was at that moment.  Only Mrs. Dixon, the child's grandmother, was home at that time.

2.

Appellant proceeded to the Dixon home and shattered a front window to enter the locked house. Although bleeding, Mr. Dixon was able to drive to his house.

{¶ 6} Upon arriving in the driveway, appellant turned his attention to Mr. Dixon and punched out the driver's side window to repeatedly use the box cutter to stab Mr. Dixon both inside and outside the vehicle. Appellant left Mr. Dixon bleeding outside the house and proceeded to enter the house through the broken window. Once inside appellant took a knife from the kitchen and then stabbed Mrs. Dixon multiple times until she was unconscious. Mrs. Dixon later died at the hospital. When the police arrived at the house they found appellant on the front porch holding a large kitchen knife covered in blood. Appellant told the police he told his "baby mama" there would be trouble if she did not let him see his child. Mr. Dixon survived appellant's attack but with substantial injuries.

{¶ 7} On January 23, 2017, appellant withdrew his earlier plea of not guilty by reason of insanity and entered *Alford* pleas to felonious assault and aggravated murder. At that time appellee dismissed the other charges. The trial court then found appellant guilty of felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, and aggravated murder, a violation of R.C. 2903.01(A) and (F), an unclassified felony.

{¶ 8} Thereafter, and following a presentence investigation report and a sentencing hearing on February 10, 2017, the trial court imposed on appellant a term of seven years as to the felonious assault offense. The trial court also imposed on appellant

3.

a term of life with the possibility of parole after 30 years for the aggravated murder offense "to be served consecutively for a total sentence of Life in prison." The trial court further stated at appellee's request a nolle prosequi was entered as to the attempt to commit murder and aggravated burglary offenses. Specifically, the trial court's entry stated court:

> The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

## II. Felony Sentence Review

{¶ 9} In support of his assignment of error, appellant argued the trial court's felony sentences were contrary to R.C. 2929.14(C)(4) as stated in R.C. 2953.08(G)(2)(a). Appellant argued the record did not support the trial court's finding that consecutive sentences are necessary to protect the public from future crime and to punish appellant. Appellant further argued because he must serve a minimum of 30 years for aggravated murder, "it is absurd to say that the public still needs an additional seven years" of protection from him for felonious assault. Moreover, appellant argued, the additional seven years of punishment was not distinguishable from the 30 years which he will have already served.

{¶ 10} In response, appellee argued the trial court did not err because it complied with the mandates of R.C. 2929.14(C)(4). Appellee argued the trial court's recitation at

4.

the sentencing hearing of the language of R.C. 2929.14(C)(4) was sufficient. Appellee conceded the court's findings articulated during the sentencing hearing were not incorporated into its journalized sentencing entry, but argued the clerical mistake could easily be corrected through a nunc pro tunc entry.

{¶ 11} We review an R.C. 2929.14(C)(4) challenge to a trial court's felony sentencing determination for clear and convincing evidence in the record. R.C. 2953.08(G)(2)(a); *State v. Waxler*, 6th Dist. Lucas No. L-16-1269, 2017-Ohio-7536, ¶ 9. If we find clear and convincing evidence the record does not support the sentence, we may increase, reduce, modify or vacate and remand the felony sentence. R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. * * * It does not mean clear and *unequivocal*." (Emphasis sic.) *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

### III. Consecutive Sentence Review

{¶ 12} We review a trial court's decision to impose non-mandatory consecutive sentences for convictions of multiple offenses for an abuse of discretion. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 16, citing R.C. 2929.41(A) and 2929.14(C)(4). Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

5.

**{¶ 13}** To comply with R.C. 2929.14(C)(4), a trial court must make three findings: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of three factors enumerated under R.C. 2929.14(C)(4)(a), (b), or (c). *Sergent* at ¶ 16, quoting R.C. 2929.14(C)(4). One of the factors for the third finding is "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b).

**{¶ 14}** The foregoing three findings are mandatory, but a trial court has no obligation to state the reasons to support its findings. *State v. Braswell*, 6th Dist. Lucas No. L-16-1197, 2018-Ohio-3208, ¶ 40, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The trial court must make the requisite findings both at the sentencing hearing and incorporate them into the sentencing entry. *Sergent* at ¶ 17, citing *Bonnell* at ¶ 23. A trial court may comply with this mandate even with a mere "regurgitation of the statute." *Braswell* at ¶ 40, quoting *State v. Ault*, 6th Dist. Ottawa No. OT-13-037, 2015-Ohio-556, ¶ 12. A trial court may also comply with this mandate if it is clear in the record the court "engaged in the appropriate analysis."

6.

*Waxler*, 6th Dist. Lucas No. L-16-1269, 2017-Ohio-7536, at ¶ 12, quoting *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, L-13-1058, 2013-Ohio-5903, ¶ 33.

## IV. Analysis

{¶ 15} Appellant was sentenced on February 10, 2017, for the offense of aggravated murder, a violation of R.C. 2903.01(A) ("No person shall purposely, and with prior calculation and design, cause the death of another * * *."). Aggravated murder is an unclassified felony that shall be punished pursuant to R.C. 2929.02. R.C. 2903.01(F). A violation of R.C. 2903.01(A) is punishable by death or life imprisonment as determined pursuant to R.C. 2929.022, 2929.03 and 2929.04. R.C. 2929.02(A). In this matter of aggravated murder, the trial court could impose a prison term within the range from life imprisonment with parole eligibility after serving 20, 25, or 30 years of imprisonment to life imprisonment without parole. R.C. 2929.03(A)(1).

{¶ 16} In his sentencing memorandum filed in the record, appellant acknowledged aggravated murder carried definite imprisonment between life with parole eligibility after 20 years and life without the possibility of parole. He requested the minimum sentence because he argued he primarily needed mental health treatment. At the sentencing hearing, appellant made the following statement:

> I am very remorseful for my actions, and I also wish I would have
> got help before walking down the street. I wish I would have went [sic] to
> Harbor Health and talked to him about my problems instead of taking it out

7.

myself.  Because not only did I takes [sic] the Dixon mother I feel like I took my own mother's life that day, and I am very sorry.

{¶ 17} The appellant then reiterated his request for the minimum sentence of life with parole eligibility after 20 years for the aggravated murder offense because within that time "he can prove, Your Honor, he can rejoin society and not be a threat or risk to anyone's safety or health."  At the sentencing hearing appellee deferred to the victim impact statement of the youngest daughter of the deceased Mrs. Dixon, where she requested the maximum sentence because "life without parole is the only way to keep my family safe.  If you look at them even now you can see the pain and fear they all carry with them every day."

{¶ 18} Thereafter, the trial court acknowledged the "devastation for the victim's family is so impactful."  The trial court further stated in open court:

> But as you understand there are ramifications for your actions, and although there's some explanations for how you ended up at this point in your life there is really only a very thin explanation for what happened to Mrs. Dixon and Mr. Dixon as well.  And it is not justifiable, and that's why * * * the Court has to deal with it and has to have a sentence for you.  I have gone over the information in this case, your background, your history, all of the mental health reports that we've retrieved, and I keep coming back to the same sentencing conclusion.  Now, it never will give any kind

8.

of solace to Mrs. Dixon and her family, but at least the Court can give a sentence that will provide some sort of closure with reliability of that.

* * *

It is hereby ordered as to Count 4 [aggravated murder], that the Defendant serve a term of life in prison with parole eligibility after 30 years. The 30-year is selected by the Court looking at Mr. Dean's age as it currently stands, his mental health history, as previously laid out, and all of the reports, and his record of, at this point, only five prior misdemeanors.

Although factual circumstances could potentially support an articulation of life without parole, taking all the factors into consideration the Court does feel that parole eligibility after 30 years is an appropriate selection of the sentencing.

To select one of the lower sentences the Court finds would be demeaning to the severity of the offenses here and the circumstances surrounding such.

{¶ 19} The trial court's sentence was within the statutory range and less than the maximum. *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 4. At the sentencing hearing the trial court specifically stated it "considered the principles and purposes of sentencing under [R.C.] 2929.11 and balanced the seriousness and recidivism factors under [R.C.] 2929.12." This was repeated in the trial court's February 10, 2017 journalized entry. We will not disturb the trial court's decision. Our review of the record

9.

finds clear and convincing evidence supporting appellant's felony sentence of life with parole eligibility after 30 years for the aggravated murder conviction.

{¶ 20} Appellant was also sentenced on February 10, 2017, for the offense of felonious assault, a violation of R.C. 2903.11(A)(2) ("No person shall knowingly * * * cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *."). Felonious assault is a felony of the second degree. R.C. 2903.11(D)(1)(a). For a felony of the second degree the trial court could impose a prison term within the range from two to eight years. R.C. 2929.14(A)(2).

{¶ 21} In his sentencing memorandum filed in the record, and as repeated at the sentencing hearing, appellant acknowledged felonious assault carried definite imprisonment between two and eight years and requested that sentence run concurrently with the sentence for aggravated murder. At the sentencing hearing appellant acknowledged that because Mr. Dixon and Mrs. Dixon were two separate victims with two different injury outcomes, consecutive sentences under R.C. 2929.14(C) would not "be hard for the Court to do." Appellee did not file a sentencing memorandum in the record and offered no commentary for the felonious assault offense at the sentencing hearing. Thereafter, the trial court further stated in open court:

> As it relates to Count 1, the felonious assault, this is a separate charge for a separate victim, and the Court will order a sentence of seven years as to the felonious assault charge. The [injuries] caused to * * * Mr. Dixon were [sic] so severe that any other sentence, even though these are

10.

the first felony convictions, would be an inappropriate sentence issued by the Court.

**{¶ 22}** Once again, the trial court's sentence was within the statutory range and less than the maximum. We will not disturb the trial court's decision. Our review of the record finds clear and convincing evidence supporting appellant's felony sentence of seven years for the felonious assault conviction.

**{¶ 23}** Thereafter, the trial court announced the felonious assault sentence would run consecutively to the aggravated murder sentence. However, we find the record shows the trial court's February 10, 2017 sentencing entry did not reflect what the trial court stated at the sentencing hearing held on February 8, 2017.

**{¶ 24}** For the first finding under R.C. 2929.14(C)(4), that "the consecutive service is necessary to protect the public from future crime or to punish the offender," the trial court stated in open court, "The Court does find the consecutive sentences are necessary to protect the public from future crime and/or to punish the Defendant."

**{¶ 25}** For the second finding under R.C. 2929.14(C)(4), that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," the trial court stated in open court, "[C]onsecutive sentences * * * are certainly not disproportionate to the seriousness of the conduct of the Defendant or the danger he poses to our community."

**{¶ 26}** For the third finding under R.C. 2929.14(C)(4)(b), the trial court stated in open court, "[T]he harm caused was so great or unusual no single prison term for any of

11.

the offenses is [sic] committed as part of this course of conduct would adequately reflect the seriousness of the offender's conduct."

{¶ 27} Our review of the record finds evidence the trial court did not abuse its discretion when it engaged in the correct analysis of making the necessary findings at the sentencing hearing prior to imposing consecutive sentences on appellant for those offenses. We find nothing in the record to indicate the trial court's failure to include those findings in the February 10, 2017 journalized entry was anything other than an inadvertent mistake, which can be remedied by a nunc pro tunc entry.

{¶ 28} "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. We find the proper remedy in this case is a nunc pro tunc entry to reflect what the trial court actually decided at the February 8, 2017 sentencing hearing. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 261. "A Crim.R. 32(C) error *is* a clerical error that can be remedied by a nunc pro tunc entry, because the missing information can be found elsewhere in the record. " (Emphasis sic.) *Id.* "A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth." *State v. Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, ¶ 29.

12.

**{¶ 29}** Appellant's sole assignment of error is found not well-taken.

## V.  Conclusion

**{¶ 30}** We affirm the trial court's judgments of felony sentencing for aggravated murder and felonious assault, but we remand the matter solely for the limited purpose for the trial court to issue a nunc pro tunc order correcting the omission of the consecutive sentencing findings stated at the sentencing hearing from the journalized entry.

**{¶ 31}** On consideration whereof, we find that substantial justice has been done in this matter and the sentencing judgment of the trial court to be lawful.  The judgment of the Lucas County Court of Common Pleas is affirmed, but remanded for the limited purpose for a nunc pro tunc order in accordance with this decision.  Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

                                                                Judgment affirmed and remanded.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                        _____
                                                                        JUDGE
Arlene Singer, J.                             

Thomas J. Osowik, J.                           _____
CONCUR.                                                               JUDGE

                                                               _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.