[Cite as *State v. Wortham*, 2019-Ohio-3407.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1239

     Appellee                                 Trial Court No. CR0201703129

v.

Rico Wortham                              **DECISION AND JUDGMENT**

     Appellant                                Decided:  August 23, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Misty Wood, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Rico Wortham, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to 18 years in prison after accepting his guilty plea to

six counts of robbery.  Because the trial court's sentencing entry does not reflect the trial

court's consideration of the consecutive sentencing criteria under R.C. 2929.14(C)(4), we reverse and remand this matter to the trial court for preparation of a nunc pro tunc order to correct the sentencing entry.

## A. Facts and Procedural Background

{¶ 2} On December 11, 2017, appellant was indicted on nine counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), felonies of the first degree. The charges stemmed from a string of robberies that occurred in October and November 2017.

{¶ 3} Appellant appeared before the trial court for arraignment on December 20, 2017, at which point he entered a plea of not guilty. Discovery commenced and, on January 25, 2018, appellant withdrew his plea of not guilty and entered a plea of not guilty by reason of insanity based upon his diagnosis for "static encephalopathy (alcohol exposed)."

{¶ 4} Following successful plea negotiations, a plea hearing was held on April 18, 2018. At the plea hearing, the state explained that appellant had agreed to plead guilty to the lesser included offense of robbery in violation of R.C. 2911.02(A)(2) and (B) as to six of the nine counts contained in the indictment, rendering those counts felonies of the second degree. In exchange for appellant's guilty plea, the state agreed to dismiss the remaining charges. Following a thorough Crim.R. 11 colloquy, the trial court prompted the state to inquire of appellant as to the factual basis for his guilty plea. Appellant explained that he robbed six separate locations by brandishing a fake firearm, pointing it

2.

at the victims, and making a demand for money. Thereafter, the trial court accepted appellant's guilty plea, ordered a presentence investigation report, and set the matter for sentencing.

{¶ 5} Appellant's sentencing hearing was held on May 7, 2018. After hearing from appellant, defense counsel, and one of the robbery victims, the trial court imposed a prison sentence of three years on each of the six counts. The trial court ordered the prison terms served consecutively, stating:

> The Court does find that the consecutive sentences are necessary to protect the public from future crimes as well as to punish the Defendant.

> I also find it is not disproportionate to the seriousness of the Defendant's conduct or to the danger that he poses to the community. The harm caused was also so great or unusual that no single prison term for the offenses committed, continuous course of conduct, would be appropriate. They are ordered served consecutive.

> That is based on the fact that all six counts were in that series of events that were committed between October 19, 2017, and November 23, 2017. Specifically being on the dates of October 19th, November 4th, November 12th, a second occurrence on November 12, and then November 20th and November 23rd.

> This is a pattern of conduct and a course of conduct that reflects the seriousness of the offense as there was a series of robberies conducted in

3.

the same manner and same fashion, same type of victim with a pattern, and therefore the Court finds that the consecutive sentences are necessary and required under the circumstances, and that 18-year total sentence is an appropriate sentence for the conduct here.

{¶ 6} In its subsequent sentencing entry, the trial court indicated that it had "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." Notably, the sentencing entry, while accurately reflecting the fact that the trial court ordered appellant's prison sentences to be served consecutively at the sentencing hearing, fails to reference the findings made by the trial court at the sentencing hearing regarding the consecutive sentencing criteria under R.C. 2929.14(C)(4).

{¶ 7} Following our grant of his motion for delayed appeal, appellant filed a notice of appeal on November 9, 2018. Appellant filed an amended notice of appeal on December 20, 2018.

## B. Assignment of Error

{¶ 8} On appeal, appellant assigns the following errors for our review:

The trial court abused its discretion by sentencing Mr. Wortham to consecutive sentences instead of concurrent sentences.

## II. Analysis

{¶ 9} In his sole assignment of error, appellant argues that the trial court abused its discretion by ordering him to serve his prison sentences consecutively. Appellant also argues that the trial court failed to consider the seriousness and recidivism factors under R.C. 2929.12 prior to imposing sentence.

{¶ 10} The review of felony sentences is governed under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 11} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

5.

**{¶ 12}** The imposition of consecutive prison sentences is governed by R.C. 2929.14(C)(4), which states, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> * * *
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶ 13}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 14} In support of his assertion that the trial court improperly imposed consecutive sentences, appellant contends that the trial court failed to find that the harm caused by his conduct was so great or unusual that the seriousness of the conduct could not be reflected by a single prison term.

{¶ 15} Our review of the record reveals that the trial court did, in fact, make the requisite findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences. As noted above, the trial court articulated its findings at the sentencing hearing that consecutive sentences are (1) necessary to protect the public from future crimes and to punish appellant, (2) not disproportionate to the seriousness of appellant's conduct or to the danger that he poses to the community, and (3) appropriate because the harm caused by appellant was part of a continuous course of conduct and was also so great or unusual that no single prison term for the offenses committed would be sufficient. The trial court then went on to highlight the fact that the robberies were "conducted in the same manner and same fashion, same type of victim with a pattern."

{¶ 16} In light of the trial court's findings at the sentencing hearing, we find no merit to appellant's assertion that the trial court failed to make the necessary findings to support consecutive sentences under R.C. 2929.14(C)(4). Nonetheless, we note that the trial court's sentencing entry is devoid of any such language. Due to this apparent oversight, this matter must be remanded for the limited purpose of preparing a nunc pro tunc order memorializing the findings the trial court made at sentencing to support its

7.

imposition of consecutive sentences. *State v. Dean*, 6th Dist. Lucas No. L-17-1274, 2019-Ohio-425, ¶ 27-30.

{¶ 17} Next, appellant argues that the trial court did not consider the seriousness and recidivism factors under R.C. 2929.12 prior to imposing sentence. To comply with the principles and purposes of sentencing set forth in R.C. 2929.11, the trial court must consider the seriousness and recidivism factors contained in R.C. 2929.12. To that end, we have previously explained,

> R.C. 2929.12 is a guidance statute. It sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes. While the phrase "shall consider" is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. Merely stating that the court considered the statutory factors is enough.

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

8.

{¶ 18} At the sentencing hearing in this case, the trial court stated that it "balanced the seriousness and recidivism factors under 2929.12." The court also indicated its consideration of the seriousness and recidivism factors in its sentencing entry. The trial court's statement that it considered these factors is sufficient to pass muster under Ohio law. *Brimacombe* at ¶ 11.

{¶ 19} Accordingly, the only error we find is the trial court imposing consecutive sentences without incorporating its findings in its sentencing entry. Consequently, we find appellant's assignment of error well-taken.

### III. Conclusion

{¶ 20} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed and this matter is remanded to the trial court for preparation of a nunc pro tunc order that sets forth the findings the trial court made at the sentencing hearing to support its imposition of consecutive sentences. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                          JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                          _____
CONCUR.                                                   JUDGE

                                           _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.